Filed 7/3/13  P. v. Montoya CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054699 |
| v. | (Super.Ct.No. RIF10003653) |
| FORTINO GILBERT MONTOYA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Gregory S. Cilli, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Fortino Montoya, pled guilty to two counts of possessing an assault weapon (Pen. Code, § 12280, subd. (b)),[1] possessing a handgun by an ex-felon (§ 12021, subd. (a)(1)), and possessing ammunition by a person who may not possess a firearm (§ 12316, subd. (b)(1)).  He also admitted suffering two strike priors (§ 667, subds. (c) & (e)(2)(A)).  After the trial court dismissed one of his strikes, he was sentenced to prison for seven years, four months.  Defendant appeals, claiming the trial court improperly sentenced him.  We reject his contentions and affirm.

### PROCEEDINGS BELOW

Defendant pled guilty to all the crimes and admitted both the strike allegations brought against him.  In his change of plea form, he stated that his sentence would be "7 years, 4 months top[.]"  At the taking of the plea, the trial court explained how the seven years, four months maximum was calculated as follows, " . . . [Dismissing] one of the strikes and . . . sentencing [defendant] to [the assault weapons charges] consecutive.  [Sentences for the handgun possession and ammunition possession] would be stayed."

At the sentencing, defense counsel pointed out that the probation officer had recommended something other than seven years and four months.  Specifically, the probation officer recommended imposition of the middle term for the assault weapon possession, doubled because of the strikes.  Defense counsel asked the court to impose a sentence of five years, four months, which, we assume, would be double the midterm for one of the assault weapon convictions plus a consecutive double one-third the midterm

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

for the other. The prosecutor, who had previously expressed his opinion that seven years, four months, was an adequate sentence, but objected to the dismissing of one of defendant's two strikes, reiterated his approval of a seven years, four months sentence.

The sentencing court said, "This is one of the tougher cases . . . . It's got heavy weights on both sides of the scale. I acknowledge [defendant] had . . . the last ten years . . . [as an] upstanding citizen. . . . [¶] On the other hand, it's absolutely chilling to see these assault rifles out in the community, in [his] home. . . . I'm certain that [he was] aware of just how dangerous those things are. There's absolutely no reason that I feel that people need to have assault weapons stashed away at their homes. So that was extremely poor judgment. [¶] . . . I . . . took a balance when I got a sense of [defendant] from [his] attorney, and I [dismissed] a strike as I did not feel on balance [that defendant was] within the legislative scheme there to just throw [him] in prison and toss the key away. So it's a balancing. . . . [T]here's heavy weights on both sides of the scale. If we were to change the nature of the weapons, for instance, I would probably—I definitely would tip towards a lesser sentence. So this is a tough one. [¶] So with respect to the first assault [weapon possession] charge . . . , we had an understanding . . . with a seven-year, four-month top. [S]o I'm going to stick with that assessment. So . . . I'm selecting the upper term of three years. [¶] The reasons are . . . [defendant's] criminal history, although it's also reflected in the strike. There was a strike that was [dismissed]. It's a pretty serious criminal history. Even though a strike is [dismissed], it doesn't disappear."

3

Defendant contends that the sentencing court considered the nature of the weapon he possessed in imposing the upper term, and because the nature of that weapon is an element of the offense of which defendant was convicted, this was improper. In so doing, defendant relies on the statements the trial court made concerning the nature of the weapon and ignores the court's statement that it was imposing the upper term due to defendant's criminal history. However, we are unwilling to ignore the court's very specific statement of a reason for imposing the upper term. Therefore, we cannot agree with defendant that the trial court relied solely on the nature of the weapon in imposing the upper term, or, even if it relied *partially* on the nature of the weapon, in addition to defendant's criminal history, it would not have imposed the upper term had it not relied on the former factor.[2]

Additionally, as the People correctly point out, defendant waived the matter by failing to object below.[3] (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Defendant's "fall back" position, that his trial counsel was incompetent for failing to object to the court's reliance on the nature of the weapon in imposing the upper term, is unmeritorious. To succeed, defendant must demonstrate a reasonable likelihood that absent its reliance on

---

[2] This removes the necessity of determining whether trial counsel for defendant was incompetent for failing to object to the trial court's reliance, *to the extent that it did*, on the nature of the weapon in imposing the upper term.

[3] We do not agree with defendant that his attorney's assertion that he should receive the midterm, doubled, for one of the assault weapon possession convictions, constituted an objection to the trial court relying, *to the extent that it did*, on the nature of the weapon as the reason for imposing the upper term.

the nature of the weapon, the court would have imposed the midterm.  (*People v. Price* (1991) 1 Cal.4th 324, 492.)  However, given the court's remarks about defendant's criminal history as being the reason for aggravating his sentence, we cannot conclude that he has met his burden in this regard.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

HOLLENHORST _____
J.

RICHLI _____
J.